**UNITED STATES of America, Plaintiff,**

v.

**Sam LANGFORD, Defendant.**

**No. 73 CR 447.**

United States District Court,
N. D. Illinois, E. D.

Dec. 13, 1973.

———◆———

James R. Thompson, U. S. Atty., Chicago, Ill., for plaintiff.

No attorney of record for defendant.

## MEMORANDUM OF DECISION

TONE, District Judge.

This proceeding for revocation of probation was commenced by the United States Attorney upon the request of the Probation Office that defendant be required to show cause why his probation should not be revoked. In order to comply with the guidelines issued by the Administrative Office to implement the requirements of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973),[1] I ordered the case transferred to the Executive Committee with the recommendation that it be assigned to a magistrate for the purpose of holding a preliminary hearing. The Executive Committee referred the case to Magistrate James T. Balog. Now, after considering the matter further, I have decided that neither *Gagnon,* nor Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) upon which *Gagnon* was based, requires a preliminary hearing before the magistrate.

1. The Administrative Office Memorandum was directed specifically only to Chief Probation Officers and Officers in Charge of Units. Copies were also made available to all Chief Judges and were distributed to all members of this Court.

*Gagnon* and *Morrissey* announced essentially the same rule, *Gagnon* for revocation of probation and *Morrissey* for revocation of parole. In each case, after defendant had been deprived of his liberty by being arrested, he had his probation or parole revoked. At no time was defendant given a hearing, and the revocation decision was made exclusively by the authorities charged with administering defendant's probation or parole. On these facts, the Supreme Court found a denial of due process, and established a two-stage hearing process to be followed in parole and probation violation cases. At the preliminary hearing, the issue is to be whether there is probable cause to believe that the individual violated the terms of his release; and at the more comprehensive final hearing, the ultimate decision regarding revocation is to be made.

On their face, *Morrissey* and *Gagnon* would appear to apply without exception, and this is how *Gagnon* was interpreted in the Administrative Office guidelines. Underlying the preliminary hearing requirement of these cases, however, is the fact that the defendant had been arrested and incarcerated before the revocation decision was made. Implicit in the Court's decisions is the concept that a probationer or parolee is entitled to the same protection of his "conditional" liberty as is any other citizen of his more complete freedom. Just as an individual suspected of a crime initially cannot be arrested and held without a hearing to determine probable cause, neither can an individual who is suspected of violating the terms of his probation or parole. When there is no arrest or other significant infringement of one's liberty, however, there appears to be neither need nor justification for a preliminary hearing.[2]

In the case at bar, probationer has not been arrested or incarcerated and he will not be unless and until his probation is revoked. In accordance with the usual practice in this District, no arrest warrant has been issued. Instead the Probation Office has requested the United States Attorney to move for a rule to show cause. The *Gagnon* requirement of a preliminary hearing is inapplicable, since ordering a probationer to show cause, unlike an arrest, does not deprive him of his liberty. Like process in a civil suit, it merely requires his appearance in court.

For the above reasons, I have vacated my order reassigning the case to the Executive Committee and have asked the Committee to vacate its order assigning this case to Magistrate Balog and then to reassign the case to me for final disposition.

2. Speaking of the fair hearing requirement for termination of welfare benefits, the Supreme Court has said:

"Due process does not, of course, require two hearings. If, for example, a State simply wishes to continue benefits until after a 'fair' hearing, there will be no need for a

preliminary hearing." Goldberg v. Kelly, 397 U.S. 254, 267 n. 14, 90 S.Ct. 1011, 1020 n. 14, 25 L.Ed.2d 287 (1970).

This same concept is applicable here: If a probationer is allowed to remain at liberty until after a "fair" hearing, there is no need for a preliminary hearing.