**UNITED STATES of America, Appellee,**

v.

**Ross Joseph STRADA, Appellant.**

**No. 74–1323.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1974.

Decided Oct. 10, 1974.

Philip F. Cardarella, Kansas City, Mo., for appellant.

Michael DeFeo, Sp. Atty., Dept. of Justice, Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This appeal concerns the district court's jurisdiction to revoke appellant's probation and also raises collateral issues with regard to the revocation proceedings. Because we are satisfied that jurisdiction did exist and that the district court did not commit reversible error, we affirm.

Appellant was convicted in 1968 of violating 18 U.S.C. § 1084, sentenced to imprisonment for two years, execution of all but six months imprisonment was suspended and appellant placed on probation for five years commencing with his release from custody. Appellant Strada was released from imprisonment and began serving probation on March 28, 1969. On November 28, 1973 the government filed a Motion for Order of Arrest and To Show Cause Why Defendant's Sentence of Probation Should Not Be Revoked, alleging nineteen violations of probation conditions. No such arrest order was issued, however, because appellant, through counsel, agreed to appear before the court voluntarily. A pre-hearing conference on the motion to revoke was held on January 17, 1974. A

formal revocation evidentiary hearing commenced on January 22, 1974 and was completed after several days of testimony. On March 28, 1974 the court revoked appellant's probation on the grounds that he had submitted false state sales/use tax returns and that he had hindered a police officer in the performance of his duty. A warrant was issued for appellant's arrest at that time. Subsequently, appellant was sentenced to eighteen months imprisonment pursuant to 18 U.S.C. § 3653 (1970).

Appellant's primary contention on appeal is that the district court was without jurisdiction to issue its March 28 order inasmuch as the five year probationary period ended on March 27, 1974. See 18 U.S.C. §§ 3651, 3653 (1970).[1] Appellant concedes that an arrest warrant issued within the five year period is effective to toll the limitation, even if served beyond the date when probation expires. United States v. Bartholdi, 453 F.2d 1225, 1226 (9th Cir. 1972). However, appellant contends that since no warrant was issued until March 28, 1974, the computation of time is totally dispositive of this appeal. We believe that this issue need not be reached.

It is our view that the issuance of an arrest warrant within the five year period is not the *exclusive* means by which tolling of the period for revocation purposes can occur. We hold, as did the district court, that appellant, by consenting to appear before the court during the period of his probation, submitted himself to the district court's jurisdiction and thereby tolled the running of the probation statute. We see no reason why the actual physical presence of the probationer before the court is not as effective a means of tolling the statute as is the mere issuance of a warrant for the arrest of a person whose precise

[1]. In relevant part 18 U.S.C. § 3653 (1970) states: "At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised * * * may issue a warrant for his arrest for violation of probation occurring during the probation period."

whereabouts may be unknown. *See generally* United States v. Gernie, 228 F. Supp. 329, 333–335, 337–338 (S.D.N.Y. 1964).

■■ We recognize the vital significance of the fixed period of probation to probationers. As explained in Sanford v. King, 136 F.2d 106, 108 (5th Cir. 1943), "[w]hen a defendant is placed on probation he is told, in effect, that if he lives up to the conditions of probation for the required period he will then be a free man." Thus, a revocation can occur after the probationary period only if *the violation is one that occurred during that period and if formal revocation procedures*—usually the issuance of an arrest warrant—are initiated during that period. *See id. See also* United States v. Bartholdi, 453 F.2d 1225, 1226 (9th Cir. 1972); Jutras v. United States, 340 F.2d 305 (1st Cir. 1964). In addition, a long delay between the issuance of an arrest warrant and its execution may be unreasonable and a deprivation of due process to such an extent that it divests the court's subject matter jurisdiction. United States v. Gernie, *supra,* 228 F. Supp. at 332–339. *See also* Simon v. Moseley, 452 F.2d 306, 309 (10th Cir. 1971); McCowan v. Nelson, 436 F.2d 758, 760–761 (9th Cir. 1971). *Cf.* Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567, 574 (1967).

■ However, the revocation procedure in the instant case fully comports with the requirements of the applicable statutes and of due process. Well within the period of probation appellant was put on notice by the government's motion that charges of probation violations had been lodged against him. While the motion for an arrest warrant was pending, appellant voluntarily agreed to and did appear before the court, an act that obviated the need for an arrest warrant and effectively reasserted the court's jurisdiction over him. Strand v. Schmittroth, 251 F.2d 590, 599 (9th Cir.), peti-

tion for cert. dismissed, 355 U.S. 886, 78 S.Ct. 258, 2 L.Ed.2d 186 (1957). Once before the court, he could not challenge jurisdiction over his person. Sewell v. United States, 406 F.2d 1289, 1292 (8th Cir. 1969); Bistram v. United States, 253 F.2d 610, 612–613 (8th Cir. 1958). Clearly, appellant's actions here effectively tolled the statute and vested in the court the power to issue its revocation order of March 28, 1974.

■ Appellant next argues that the absence of a preliminary hearing as required by the Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), was a denial of due process. Specifically, the *Gagnon* decision holds that a preliminary hearing is required in the context of a probation revocation "under the conditions specified in Morrissey v. Brewer [408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)]." 411 U.S. at 782, 93 S.Ct. at 1760. One rationale for the *Morrissey* preliminary hearing requirement was to provide procedural safeguards with regard to the loss of liberty that accompanied an *arrest* for parole violations. 408 U.S. at 485–487, 92 S.Ct. 2593. Thus, *Gagnon* extends the right to such a hearing only to those probationers who are taken into custody and deprived of their conditional freedom. This is not the situation in the instant case. Appellant was not taken into custody until sometime after an adversary evidentiary hearing and a finding by the court that appellant had violated the terms of his probation. Thus the holdings in *Morrissey* and *Gagnon* are not applicable.

Appellant's further contention that he was entitled to a preliminary hearing solely as a discovery device is without merit. Coleman v. Burnett, 155 U.S. App.D.C. 302, 477 F.2d 1187, 1199–1200 (1973). Finally we note that the record reveals that no request for a preliminary hearing was made. Under all these circumstances the court below did not err in failing to conduct a preliminary hearing.[2]

---

2. Although not specifically raised in this appeal, our review of the record reveals that

the final revocation hearing held in this case fully satisfied the Morrissey/Gagnon due

 Appellant further contends that his right to due process was infringed in that his probation was revoked on the basis of violations of state and municipal laws on which the applicable one year statutes of limitation had run. We are mindful of the Supreme Court's statement in United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1972), that statutes of limitation specify a "limit beyond which there is an irrebuttable presumption that a defendant's right to a *fair trial* would be prejudiced." *Id.* at 322, 92 S.Ct. at 464 (emphasis added). However, in the context of a probation or a parole revocation, a defendant is not entitled to the "full panoply of rights" that attend a criminal prosecution. *Morrissey, supra,* 408 U.S. at 481, 92 S.Ct. 2593. *See also* United States v. Johnson, 455 F.2d 932, 933 (5th Cir.), cert. denied, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972). Because due process is a flexible concept, each particular situation must be examined in order to determine what procedures are constitutionally required. *Morrissey, supra,* 408 U.S. at 481, 92 S.Ct. 2593. *See also* Hannah v. Larche, 363 U.S. 420, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960); Boykins v. Fairfield Board of Education, 492 F.2d 697, 701 (5th Cir. 1974); United States ex rel. Martinez v. Alldredge, 468 F.2d 684, 686–687 (3d Cir. 1972), cert. denied, 412 U.S. 920, 93 S.Ct. 2737, 37 L.Ed.2d 146 (1973); United States ex rel. Walker v. Mancusi, 467 F.2d 51, 53 (2d Cir. 1972).

In the instant case the record reveals that the appellant was not prejudiced by the fact that the evidentiary hearing on revocation was held approximately one year after the state statutes of limitation had run. For example, as to the false sales/use tax charge, appellant's primary defense was made on legal rather than factual grounds, thus eliminating any problems with regard to "staleness" that could result in prejudice. *See* Toussie v. United States, 397 U.S. 112, 114, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970).

 It must be emphasized that the trial judge is given a great deal of latitude in revocation proceedings. In order to justify a revocation order "[a]ll that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of the probation." United States v. Garza, 484 F.2d 88, 89 (5th Cir. 1973). *See also* United States v. D'Amato, 429 F.2d 1284, 1286 (3d Cir. 1970); United States v. Nagelberg, 413 F.2d 708, 709–710 (2d Cir. 1969), cert. denied, 396 U.S. 1010, 90 S.Ct 569, 24 L.Ed.2d 502 (1970). Absent an abuse of discretion, the finding of a trial court in a revocation hearing cannot be disturbed. Burns v. United States, 287 U.S. 216, 222–223, 53 S.Ct. 154, 77 L.Ed. 266 (1932); United States v. Alarik, 439 F.2d 1349, 1351 (8th Cir. 1971). *See also* United States v. Shapiro, 491 F.2d 335, 336 (6th Cir. 1974); United States v. Brown, 488 F.2d 94, 95 (5th Cir. 1973). No such abuse is apparent here with regard to the state statutes of limitation.[3] We believe that the facts of this case support the trial court's actions and conclusions.[4]

 Appellant's final allegations of error concern the trial court's admission of the sales/use tax returns into evidence and the overall sufficiency of the

process requirements as set out in 408 U.S. at 488–489, 92 S.Ct. 2593.

3. We similarly reject appellant's general charge of an abuse of discretion by the trial judge for revoking probation on the basis of misdemeanor violations.

4. Although the record is somewhat unclear as to the method by which the false state sales/use tax returns were transmitted to the state authorities, it is strongly implied that the mails were employed. If so, a violation of the federal mail fraud statute, 18 U.S.C. § 1341 (1970), would be involved. *See* United States v. Flaxman, 495 F.2d 345, 348–349 (7th Cir. 1974). That statute, with its five year statute of limitations, 18 U.S. C. § 3282 (1970), would have eliminated the *Marion*-related issue.

evidence. We find these contentions to be lacking in merit and do not require discussion. Our careful examination of the issues raised on this appeal convinces us that the trial court did not err in revoking appellant's probation.

Affirmed.