502 F.2d 944
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Prentis TUCKER, Defendant-Appellant.
No. 74-2225 Summary Calendar.*
*Rule 18, 5 Cir., Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Oct. 14, 1974.
 
 Floyd M. Buford, Macon, Ga., for defendant-appellant.
 William J. Schloth, U.S. Atty., Ronald T. Knight, O. Hale Almand, Asst. U.S. Attys., Macon, Ga., for plaintiff-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 PER CURIAM:
 
 
 1
 Appellant's assertion that 18 U.S.C. App. 1202(a), prohibiting a convicted felon from receipt of a firearm which has traveled in interstate commerce, does not apply to him, is without merit. He had three prior convictions for conspiracy to violate Internal Revenue Liquor Laws (then 18 U.S.C. 88, now 18 U.S.C. 371), actual violation (26 U.S.C. 5174), and possession of an illegal distillery (26 U.S.C. 5601), all felonies. 18 U.S.C. App. 1202(c)(2) defines a felony as:
 
 
 2
 an offense punishable by imprisonment for a term exceeding one year, but does not include any offense . . . classified as a misdemeanor . . .
 
 
 3
 The statute does not distinguish between violent and non-violent felonies. Cf. United States v. Lincoln, 4 Cir., 1973, 487 F.2d 222, cert. denied 415 U.S. 976, 94 S.Ct. 1562, 39 L.Ed.2d 872 (1974).
 
 
 4
 Appellant's allegation that the firearm in question was illegally seized is also without merit. The gun was in plain view on the front seat of appellant's car; under the circumstances here a warrantless search was lawful.
 
 
 5
 Affirmed.