**William Willie THOMAS, Petitioner,**

v.

**UNITED STATES of America et al.,
Respondents.**

**Civ. A. No. 74-741.**

United States District Court,
W. D. Pennsylvania.

March 25, 1975.

William E. Stockey, Pittsburgh, Pa., for petitioner.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for respondents.

### MEMORANDUM OPINION

WEBER, District Judge.

Petitioner was sentenced to a term of five years probation by this court on January 26, 1972 at Criminal Action No. 68-300.

On October 17, 1973, petitioner was arrested in Florida on warrants issued from the Western District of Pennsylvania on a charge of armed bank robbery. On October 16, 1973, a probation violation warrant, with bond set for $5,000, was issued for petitioner based on the fact that he was being sought for the armed bank robbery. Shortly after petitioner's arrest in Florida a second probation violation warrant was issued by this court based on the allegation of petitioner's violation of the condition of his probation that he would remain in the jurisdiction of this court. On November 3, 1973, petitioner was returned to the Western District of Pennsylvania and lodged in the Allegheny County Jail awaiting trial on the armed bank robbery charges. On November 6, 1973, a detainer based on a second probation violation warrant was lodged with the Warden of the Allegheny County Jail. On February 19, 1974, after trial and verdict, petitioner was convicted of the trial of armed bank robbery in this court at Criminal No. 73–310 and sentenced to a term of twenty-five years. Petitioner's conviction on the armed bank robbery charge was affirmed by the Court of Appeals on September 10, 1974, and a new warrant for probation violation based on this conviction was issued on December 4, 1974. A detainer based on this new warrant was filed at the institution where the petitioner was serving the sentence imposed under Criminal Action No. 73–310.

Because petitioner was at all times in the custody of the United States pursuant to the charges which resulted in his conviction at Criminal Action No. 73–310, and later while serving his sentence on that conviction, none of the probation violation warrants were ever executed.

On August 5, 1974, while petitioner was serving his sentence imposed at Criminal Action No. 73–310, but before the conviction was affirmed on appeal, he filed a document entitled "Motion to Vacate Sentence" which is the subject matter of the proceeding at the instant civil action number. By subsequent correspondence the petitioner explained to this court that what he intended was an attempt to have the detainers which had been lodged against him vacated because of the government's failure to conduct a hearing on the probation violation matter. On January 21, 1975 this court held a probation violation hearing in this case at which testimony was received. Petitioner alleged that this hearing was so late as to result in a denial of due process to him. Furthermore, plaintiff argued that he was prejudiced in his classification and privileges at the prison because of the pendency of a detainer against him. It was further argued that he was prejudiced by the delay in holding a prompt hearing on the probation violation matter because the pendency of the detainer against him while he was imprisoned awaiting trial on the armed bank robbery charges resulted in his being denied bail because he was unable to post bond while awaiting trial on the bank robbery charge with the detainer outstanding against him.

■ This court finds that the January 1975 revocation hearing was timely and that petitioner has in no way been injured by any delay. It has been held that a decision of a parole board to keep a detainer in effect while a prisoner is serving a sentence on another charge and to serve the warrant for parole violation and hold a hearing thereon only upon the completion of that sentence is not a violation of due process requirements enunciated in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 [1972]. See Cook v. United States Attorney General, 488 F.2d 667 [5th Cir. 1974], cert. denied 419 U.S. 846, 95 S.Ct. 81, 42 L.Ed.2d 75 [1974]; Small v. Britton, 500 F.2d 299 [10th Cir. 1974]. That the same due process standards apply to both probation and

parole violations is clear from Gagnon v. Scapelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 [1973]. While this court does not find the long delays in holding violation hearings sanctioned by these cases to be desirable, we hold that the time lapse involved on these facts is not such that petitioner was denied due process, whether the relevant date be considered that of the first or the last probation violation warrant. The very nature of the ground for revocation here —that the probationer has committed another criminal offense—contemplates that the court will not revoke probation until the probationer has been found guilty and the conviction has become final. Any delay in holding a hearing in this situation at least until the appeals process has been exhausted cannot prejudice the probationer because no evidence in his favor will be lost. Because probationer was not in custody under the probation violation warrant, no preliminary hearing on probable cause was necessary.

Nor does this court find that the detainers here did in fact result in the petitioner's inability to make bond at any time. The bond on the bank robbery charge was $25,000, and the additional requirement for a probation violation bond of $5,000 would not have added appreciably in the petitioner's difficulties in securing his release pending his trial. He made no showing of his ability to make the $25,000 bond on the bank robbery charge.

The petition will be denied.

### ORDER

And now this 25th day of March, 1975, the undersigned having vacated the sentence of probation previously imposed at Criminal No. 68–300 and having resentenced defendant William Willie Thomas therein, it is hereby ordered that the within civil action is dismissed, with prejudice, as moot.