UNITED STATES of America,
Plaintiff-Appellee,

v.

William Prentis TUCKER,
Defendant-Appellant.

No. 75–1997
Summary Calendar *.

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1975.

Oscar B. Goodman, Howard M. Miller, Las Vegas, Nev., for defendant-appellant.

Ronald T. Knight, U. S. Atty., O. Hale Almand, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Affirmed.

Appellant Tucker was convicted of knowingly receiving a firearm in interstate commerce after having suffered previous felony convictions, in violation of 18 U.S.C. App. § 1202(a). He was sentenced to two years imprisonment and ordered to serve six months, the balance of the sentence to be suspended. Tucker was also placed on probation for a period of five years. The judgment was affirmed on direct appeal by this court. *United States v. Tucker,* 502 F.2d 944 (5th Cir. 1974).

The sentence was stayed pending appeal, and on March 19, 1975, appellant surrendered himself to begin serving the six month term of imprisonment. At that time, he was apprised of a petition by the Government to revoke his not-yet-commenced probation because of alleged lottery activities during the pendency of his appeal. On March 21, the district court intended to hold a final revocation hearing on the petition; counsel for Tucker, however, demanded both a preliminary and a final hearing on the basis of the Supreme Court decisions in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The district court rejected this contention and only a final revocation hearing was held on March 27, 1975.

■ We uphold the district court's ruling. The Supreme Court in *Morrissey* and *Gagnon* relied on the fact that revocation of parole or probation in the normal case operates to deprive the person affected of "many of the core values of unqualified liberty" and "inflicts a 'grievous loss' on the parolee [or probationer] and often on others." 408 U.S. at 482, 92 S.Ct. at 2601. That is, in the typical case of revocation of probation or parole, the probationer or parolee has been released from incarceration and is at liberty when the revocation proceeding begins. Accordingly, revocation of his probation or parole does deprive him immediately of his liberty. It was this deprivation which prompted the Court to determine that a preliminary as well as a final revocation hearing was required to afford the petitioner due process of law.

■ Where the probationer or parolee is incarcerated pursuant to a final conviction at the time of attempted revocation, as was Tucker, this rationale does not apply. In such a case, there is no immediate loss of freedom which would require the immediate probable cause hearing which the *Morrissey* and *Gagnon* Courts deemed necessary. The fact that this type of situation was not mentioned in either case does not compel a contrary conclusion; in neither case was the petitioner incarcerated subject to a final conviction at the time of attempted revocation.

■ Appellant's contention that his probation could not be revoked before it had commenced is foreclosed by our decision in *United States v. Ross,* 503 F.2d 940 (5th Cir. 1974).

■ After review of the record, we have determined that the evidence was sufficient to support a finding of violation of the terms and conditions of probation on Tucker's part.

Accordingly, the judgment is

Affirmed.