**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter SAYKALLY, Defendant-Appellant.**

Nos. 84–3163, 85–1256.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 18, 1985.[*]

Decided Nov. 29, 1985.

Steven P. O'Connor, Madison, Wis., for defendant-appellant.

John R. Byrnes, U.S. Atty., Richard D. Humphrey, Asst. U.S. Atty., Madison, Wis., for plaintiff-appellee.

Before ESCHBACH and RIPPLE, Circuit Judges, and PELL, Senior Circuit Judge.

PER CURIAM.

Defendant-appellant Peter Saykally appeals the district court order revoking his probation for violation of probation conditions. The sole issue raised for our consideration is whether Saykally was held in custody "on the ground that he has violated a condition of his probation" without the preliminary hearing required by Fed.R. Crim.P. 32.1(a)(1).

I.

Saykally was convicted by a jury in the United States District Court for the Western District of Wisconsin of one count of interstate transportation of stolen property in violation of 18 U.S.C. § 2314. On September 14, 1984, the district court suspended sentence and placed Saykally on probation for a period of three years. As a special condition of probation, the district court ordered Saykally to spend 120 days in a community treatment center known as the Attic Halfway House (hereinafter the "Attic"). Saykally was notified by the probation officer that the treatment program rules were part of his probation conditions, and that termination from the Attic for rule violations would result in judicial review of his probation. Saykally entered the Attic on October 17, 1984, violated several Attic rules and was terminated from the Attic on November 21, 1984. Saykally remained at the Attic until his probation revocation hearing and probation revocation on December 6, 1984.

II.

Saykally contends that he was held in the custody of the Attic following violation of

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

No

the terms of his probation without the preliminary hearing to establish probable cause required by Fed.R.Crim.P. 32.1(a)(1).[1] Fed.R.Crim.P. 32.1(a)(1) mandates that "[w]henever a *probationer is held in custody on the ground that he has violated a condition of his probation,* he shall be afforded a prompt hearing ... to determine whether there is probable cause to hold the probationer for a revocation hearing...." (emphasis added). The Advisory Committee Notes to Rule 32.1(a)(1) explain that no preliminary hearing is necessary "[i]f there is to be a revocation hearing but there has not been a holding in custody for a probation violation...."[2] *See generally Gagnon v. Scarpelli,* 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973) ("a parolee is entitled to ... a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole...."); *United States v. Sciuto,* 531 F.2d 842, 846 (7th Cir.1976) ("The reason for requiring a preliminary hearing [is] that the conditional liberty of a probationer ... cannot constitutionally be infringed without probable cause. This reason for requiring a preliminary hearing is not present when, as here, the probationer is not held in custody to await the revocation hearing."); *United States v. Tucker,* 524 F.2d 77 (5th Cir. 1975), *cert. denied,* 424 U.S. 966, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976); *United States v. Strada,* 503 F.2d 1081, 1084 (8th Cir. 1974); *United States v. Langford,* 369 F.Supp. 1107 (N.D.Ill.1973).

Were Saykally held in custody prior to his revocation hearing *on the ground that he violated the conditions of his probation,* he would be entitled to a preliminary hearing to establish probable cause to hold him in custody. Such is not the situation here. Following violation of Attic rules, Saykally was not arrested and incarcerated at the Attic, *see* 18 U.S.C. § 3653, but rather was at the Attic and remained at the

1. Fed.R.Crim.P. 32.1(a)(1) states:
   Rule 32.1. Revocation or Modification of Probation
   (a) Revocation of Probation.
   (1) Preliminary hearing. Whenever a probationer is held in custody on the ground that he has violated a condition of his probation, he shall be afforded a prompt hearing before any judge, or a United States magistrate who has been given authority pursuant to 28 U.S.C. § 636 to conduct such hearings, in order to determine whether there is probable cause to hold the probationer for a revocation hearing. The probationer shall be given
   (A) notice of the preliminary hearing and its purpose and of the alleged violation of probation;
   (B) an opportunity to appear at the hearing and present evidence in his own behalf;
   (C) upon request, the opportunity to question witnesses against him unless, for good cause, the federal magistrate decides that justice does not require the appearance of the witness; and
   (D) notice of his right to be represented by counsel.
   The proceedings shall be recorded stenographically or by an electronic recording device. If probable cause is found to exist, the probationer shall be held for a revocation hearing. The probationer may be released pursuant to Rule 46(c) pending the revocation hearing. If probable cause is not found to exist, the proceeding shall be dismissed.

2. The Advisory Committee Notes provide in pertinent part:
   Subdivision (a)(1) requires, consistent with the holding in *Scarpelli* that a prompt preliminary hearing must be held whenever 'a probationer is held in custody on the ground that he has violated a condition of his probation.' See 18 U.S.C. § 3653 regarding arrest of the probationer with or without a warrant. If there is to be a revocation hearing but there has not been a holding in custody for a probation violation, there need not be a preliminary hearing. It was the fact of such a holding in custody 'which prompted the Court to determine that a preliminary as well as a final revocation hearing was required to afford petitioner due process of law.' *United States v. Tucker,* 524 F.2d 77 (5th Cir.1975). Consequently, a preliminary hearing need not be held if the probationer was at large and was not arrested but was allowed to appear voluntarily, *United States v. Strada,* 503 F.2d 1081 (8th Cir.1974), or in response to a show cause order which 'merely requires his appearance in court,' *United States v. Langford,* 369 F.Supp. 1107 (N.D.Ill 1973); if the probationer was in custody pursuant to a new charge, *Thomas v. United States,* 391 F.Supp. 202 (W.D.Pa.1975), or pursuant to a final conviction of a subsequent offense, *United States v. Tucker,* supra; or if he was arrested but obtained his release.

Attic pursuant to the conditions of his probation which required that he reside at the Attic for a period of 120 days. Saykally remained subject to this condition until his probation was revoked on December 6, 1984. Further, Saykally establishes no change of status nor any loss of "conditional liberty" which would require a preliminary hearing. *Sciuto,* 531 F.2d at 846; *Tucker,* 524 F.2d at 78; *Strada,* 503 F.2d at 1085 ("One rationale for the preliminary hearing requirement [is] to provide procedural safeguards with respect to the loss of liberty that accompan[nies] an *arrest* for parole violations. Thus, *Gagnon* extends the right to such a hearing only to those probationers who are taken into custody and deprived of their conditional freedom. This is not the situation in the instant case.") (citations omitted). Because there is no indication whatsoever in the record[3] that Saykally was held in custody at the Attic "on the ground that he has violated a condition of his probation" or that Saykally was deprived of his conditional freedom after violating Attic rules, there was no need for a preliminary hearing. The order of the district court revoking Saykally's probation is

AFFIRMED.

RIPPLE, Circuit Judge, concurring.

In his brief before this court—signed by a member of the bar—the appellant alleges that, on November 21, 1984, "he was placed on full restriction" at the Attic and remained in that status until December 5, 1984. (Appellant's Brief 6). He asserts that this status exceeded the restriction on his liberty contemplated in the sentence issued by the district court on September 14, 1984. The judgment and probation commitment order of the district court does in fact specify that the appellant was to spend the period in question in a "community treatment center or jail-type institution *with work release privileges* ..." (empha-

sis supplied). The government does not assert that appellant's status was the same before and after November 21; it simply notes that there was "no evidence in the record" to the contrary. (Government's Brief 6).

If the appellant's assertions had been established at the probation revocation hearing in the district court, he may well have been entitled to have his sentence to incarceration run from November 21, 1984 instead of December 7, 1984. It would have been preferable for the district court to inquire into the matter during the hearing. However, the absence of any explicit objection by the appellant, represented by counsel, makes the matter unreviewable on appeal. I therefore concur in the result.

---

**3.** The appellant bears the burden of assembling a record on appeal to support his assertions. *See Matter of UNR Industries, Inc.,* 736 F.2d 1136, 1138 n. 3 (7th Cir.1984); *Casualty Indemnity Exchange v. Village of Crete,* 731 F.2d 457, 460 (7th Cir.1984). The record does not support Saykally's self-serving and conclusory assertions that he was held in custody at the Attic for violating probation conditions, or that his conditional freedom was curtailed after violation of Attic rules.