953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margaret A. WEST, Defendant-Appellant.
 No. 90-50677.
 United States Court of Appeals, Ninth Circuit.
 Submitted and Argued Dec. 2, 1991.
Decided Feb. 5, 1992.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and HOGAN, United States District Court Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 Margaret West appeals the revocation of her probation. We affirm.
 
 
 4
 The government filed a petition alleging that Ms. West committed three crimes while on probation for a conviction of transporting stolen securities. Ms. West received a copy of the petition describing the underlying facts and alleged criminal code violations. She argues, in effect, that she may have been misled by inaccurate notice due to potential confusion over the criminal code citations. Ms. West does not dispute she had actual notice, however. She proceeded with the probation revocation hearing without objecting. The lack of notice argument has no merit.
 
 
 5
 Ms. West claims that evidence was improperly excluded or insufficient to support the revocation. Mr. Barkovac, a former employer, testified that he noticed money missing from bank deposits, that he recorded serial numbers of $100 bills placed in a deposit envelope, that three were missing, that he confronted Ms. West, and that she returned three bills with recorded serial numbers. This evidence was sufficient to support a finding that Ms. West violated Section 484(a) of the California Penal Code by stealing from her employer.
 
 
 6
 Ms. West argues that the judge denied the opportunity to prove that her signed confession was coerced by Mr. Barkovac. The record reflects that the judge assumed the confession was coerced, but did not consider this an adequate defense to the theft charge.
 
 
 7
 Ms. West testified that she completed a credit card application for another former employer, Mr. Rusky, and herself. She signed the application, signed Mr. Rusky's signature, and obtained a credit card in both names. She incurred charges on the account and paid them. Mr. Rusky testified that he did not sign the credit card application, nor did he authorize anyone to do so. Ms. West argues that she was prohibited from presenting mitigation evidence of lack of intent. This evidence was properly excluded as immaterial. There was sufficient evidence that Ms. West violated Section 484e of the California Penal Code by acquiring an access card without Mr. Rusky's consent with the intent to use it.
 
 
 8
 Dr. Tobinick, another former employer, testified that Ms. West used his name to obtain an American Express Gold Card for her mother. Ms. West testified that she had sent a letter with Dr. Tobinick's signature stamped name stating her mother's income and employment. Dr. Tobinick testified that he had not authorized a letter to American Express falsely indicating that Ms. West's mother was employed by him as a bookkeeper earning $50,000 per year. The evidence was sufficient to prove that Ms. West knowingly wrote a false statement with the intent that it be relied on respecting the financial condition of her mother to procure the extension of credit, in violation of Section 532a of the California Penal Code. Ms. West claims she was improperly prohibited from presenting certain evidence of her intent. The evidence was properly excluded as immaterial. The district court did not abuse its discretion in revoking Ms. West's probation.
 
 
 9
 Probationers are entitled to a preliminary hearing when they are taken into custody pending a probation revocation hearing. See, United States v. Strada, 503 F.2d 1081 (8th Cir.1974), U.S. v. Tucker, 524 F.2d 77, 78 (5th Cir.1975); United States v. Sciuto, 531 F.2d 842, 846 (7th Cir.1976). We decline to extend this right to noncustodial probationers, such as defendant here. Id.
 
 
 10
 The standard of proof required for probation revocation is evidence and facts that reasonably satisfy the judge that the probationer's conduct has not met the conditions of probation. United States v. Guadarrama, 742 F.2d 487, 489 (9th Cir.1984). "Clear and convincing" evidence is not required.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3