Revised November 2, 2000

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-50019
Summary Calendar

ROBERT LEE JONES,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, Director, Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

Appeal from the United States District Court
For the Western District of Texas

October 31, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Robert Lee Jones, Texas prisoner # 647786, appeals the denial of his 28 U.S.C. § 2254 petition. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Jones received deferred adjudication and a six-year term of probation, commencing on August 13, 1992, on two assault charges in

1

Bexar County, Texas.    In April 1996, while he was on probation, Jones was arrested in Travis County for driving while intoxicated ("DWI"), for which offense he also received probation.

In April 1998, Bexar County moved to revoke Jones's probation in both assault cases based on allegations that Jones had made threats, had driven while his license was suspended, and had failed to pay court-ordered costs.  The motions to revoke were amended on July 7, 1998, to allege, in addition to other charges, that Jones had been arrested for DWI in April 1996 and that he had failed to report that arrest.

At the time Jones was arrested for DWI, he was reporting to the Bexar County probation office by mail, using a form which he was required to complete and return each month.  On the forms Jones submitted to Bexar County for the months between April and November 1996, he failed to disclose his arrest and incorrectly stated that he had not been arrested since his last report date.  Jones's Bexar County supervision was transferred to Travis County on November 1, 1996, and Jones began reporting to Travis County probation officer Cynthia Rodriguez.  Jones alleges that he told Rodriguez at their first meeting about the DWI arrest.  Respondent contends that Bexar County did not learn of the DWI arrest until July 1, 1998.

On August 4, 1998, Jones pleaded true to the allegations in the motions to revoke; his probation was revoked, guilt was adjudicated, and he was sentenced to two years imprisonment in each

2

case. Jones filed state habeas applications, asserting, *inter alia*, that the two year delay in seeking revocation based on his DWI arrest violated his due-process rights. The Texas Court of Criminal Appeals denied the applications without written order.

Jones subsequently filed a 28 U.S.C. § 2254 petition, which was denied by the district court. The district court granted Jones a certificate of appealability ("COA") on the following issues: 1) whether, under the circumstances of the instant case, the delay in filing a probation-revocation charge against Jones based on his DWI arrest violated his due process rights, and 2) whether the Travis County probation officer supervising Jones's probation was an agent for the Bexar County probation office for purposes of conveying knowledge of his 1996 DWI conviction.

## DISCUSSION

Jones argues that his due process rights were violated by Bexar County's delay in seeking revocation based on the 1996 DWI offense because the delay in seeking revocation, coupled with the Travis County probation officer's knowledge of the violation, was fundamentally unfair. The respondent counters that the delay in initiating revocation proceedings on Jones's DWI arrest was not fundamentally unfair because he concealed his arrest when he was still under Bexar County supervision and because Bexar County did not have actual knowledge of the violation until July 1998.

Because Jones's due process claim was adjudicated in state

3

court on the merits, this court will not overturn the state court's decision unless it was "contrary to" or was an "unreasonable application of" clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Hill v. Johnson*, 210 F.3d 481, 484-85 (5th Cir. 2000).

It is well established that due process must be afforded probationers in connection with the revocation of probation. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Jones posits that respondent's delay in moving for revocation of his probation was so unreasonable as to violate his due process rights, citing *United States v. Tyler*, 605 F.2d 851 (5th Cir. 1979).

In *Tyler*, a probationer was convicted of three misdemeanor charges during the course of his probation. 605 F.2d at 852. Although his probation officer was aware of these incidents, the officer did not seek revocation until later, when marijuana was seized from Tyler. *Id.* After the district court determined that there was insufficient evidence that Tyler possessed marijuana, the officer filed a second revocation petition. *Id.* This second petition relied, for the first time, on the three misdemeanor charges – one of which the probation officer had known about for over two years. *Id.* at 852-53 & n.3. This court concluded that the second hearing violated Tyler's right to due process, specifically holding that the two-year and three-month delay, coupled with the probation officer's decision not to file the

4

underlying charges in the first petition, was fundamentally unfair. *Id.* at 853.

Jones's case is distinguishable from *Tyler* in three important ways. First, *Tyler* noted that delay attributable to deception by the probationer would not support a finding of due process violation. *Id*.(citing *United States v. Sciuto*, 531 F.2d 842, 847 (7th Cir. 1976)). Jones's misrepresentations on Bexar County's written reporting forms explains the first seven months of delay in this case, for which respondent cannot be held accountable. Second, the remaining delay of one year and eight months is significantly shorter than the two-year and three-month delay in *Tyler. Id.* Finally, *Tyler*'s fundamental unfairness determination was based in large part on the probation officer's failure to include all known violations in the first motion to revoke, raising them only after the outcome of the first proceeding failed to satisfy him. *Id.* There is no comparable allegation against Jones's probation officer, who added the DWI arrest to a pending motion for revocation prior to its final adjudication.

Further, we have noted with approval the Eighth Circuit's holding that an original decision not to issue a revocation warrant in response to a probation violation may be reasonable and is not made unreasonable by a reevaluation in light of additional violations that the probationer later committed. *Cortinas v. United States Parole Comm'n*, 938 F.2d 43, 45 (5th Cir. 1991)(citing

5

*White v. United States Parole Comm'n*, 856 F.2d, 59, 61 (8th Cir. 1988)). Thus, even if we were to assume that Bexar County knew about the DWI in November 1996 but had originally decided not to revoke Jones's parole based on the DWI arrest, it would not be a due process violation to partially rely on the DWI in a 1998 motion for revocation based on his later violations.

Because we find that the revocation proceedings in this case comport with due process requirements, it is not necessary to consider the second COA issue concerning whether Travis County's probation officer was an agent of Bexar County in the circumstances of this case.

Based on the foregoing, we affirm the district court's denial of Jones's § 2254 petition.

AFFIRMED.