**Edward J. PISCITELLO,**
**Plaintiff–Appellant,**

v.

**Gerald BERGE, Warden,**
**Defendant–Appellee.**

No. 03–2419.

United States Court of Appeals,
Seventh Circuit.

Submitted March 24, 2004.*

Decided March 26, 2004.

Edward J. Piscitello, Columbia Correctional Institution, Portage, WI, pro se.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

David E. Hoel, Office of the Attorney General, Madison, WI, for Respondent–Appellee.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

## ORDER

Wisconsin prisoner Edward Piscitello appeals the district court's dismissal of his claims that he was transferred to the Wisconsin Secure Program Facility without due process and that while there he was subjected to unconstitutional conditions of confinement. Piscitello also appeals the court's denial of his motions to amend his complaint to allege retaliatory transfer, conspiracy, substantive due process and false imprisonment claims against Berge and several new defendants. We affirm.

Two years after he was transferred from Wisconsin's Columbia Correctional Institution to WSPF, Piscitello sued WSPF warden Gerald Berge under 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. In his complaint, Piscitello alleged that he was transferred to WSPF without due process, based on false conduct reports. Piscitello also alleged that while at WSPF he was denied access to courses in biblical counseling in violation of his First Amendment right to free exercise of religion, denied medical and dental treatment in violation of the Eighth Amendment, and that the totality of his conditions of confinement violated the Eighth Amendment.

The district court screened Piscitello's complaint under 28 U.S.C. § 1915A. The court dismissed his denial-of-medical-and-dental-treatment claim because it was factually insufficient to state a claim, and dismissed his due process claim as legally frivolous because prisoners do not have a liberty interest in not being transferred from one institution to another.

Subsequently, on Berge's motion, the court dismissed Piscitello's conditions-of-confinement claim for failure to exhaust administrative remedies, 42 U.S.C. § 1997e(a).

Around this time, Piscitello filed several motions to amend his complaint. His first motion (dated October 15, 2002) sought to add generalized Eighth and Fourteenth Amendment claims. This proposed complaint is not part of the record, but the court characterized it as "(1) alleg[ing] various conspiracies relative to [Piscitello's] role as an informant for the city of Milwaukee; and (2) realleg[ing] that he was denied due process when he was transferred to WSPF." The court denied his motion because the conspiracy allegations did not relate to Piscitello's remaining First Amendment claim, and because his due process claim restated his previously dismissed illegal transfer claim. In a third motion to amend (dated February 10, 2003), Piscitello sought to add numerous Wisconsin state prison officials as defendants, and charge them with false imprisonment and violating his right to substantive due process for confining him without a valid conviction. The court denied the motion because these claims could be raised only in a petition for a writ of habeas corpus. The court soon thereafter granted Berge summary judgment on Piscitello's First Amendment claim, and entered final judgment against Piscitello.

On appeal, Piscitello first argues that the court erred in dismissing his illegal transfer claim as frivolous because the court should have construed his claim as one for retaliatory transfer, a claim which does not require a liberty or property interest to be cognizable. Although a prisoner does have a right to relief if he is transferred in retaliation for exercising his First Amendment rights, *see Babcock v. White*, 102 F.3d 267, 275 (7th Cir.1996),

Piscitello did not allege that his transfer was retaliatory in his original complaint. Rather, the complaint alleged only that he was transferred with "no procedural due process" based on "false statements on D.O.C. forms that listed [him] with a violent behavior and past." Prisoners do not have a liberty or property interest in avoiding transfer to another prison. *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Thus the district court was correct to dismiss the claim as legally frivolous.

Piscitello next argues that the court erred in dismissing his conditions-of-confinement claim because he was seeking monetary relief in his suit and thus was not required to exhaust his administrative remedies. The Supreme Court, however, foreclosed this argument in *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). *See Larkin v. Galloway,* 266 F.3d 718, 722 (7th Cir.2001); *Perez v. Wisconsin Dep't of Corrections,* 182 F.3d 532, 537 (7th Cir.1999).

 Piscitello next argues that the court erred in denying his first motion to amend his complaint to add claims for conspiracy and retaliatory transfer. But this proposed complaint is not in the record, and it is Piscitello's burden to ensure that we have the complete record before us so we can review his case. *See* Fed. R.App. P. 10; *Piggie v. Cotton,* 342 F.3d 660, 663 (7th Cir.2003); *LaFollette v. Savage,* 63 F.3d 540, 544 (7th Cir.1995); *Andrews v. United States,* 817 F.2d 1277, 1281 (7th Cir.1987); *United States v. Saykally,* 777 F.2d 1286, 1288 n. 3 (7th Cir. 1985). It is not an abuse of discretion for a district court to deny leave to amend after the first responsive pleading is filed when the proposed amendment bears no relation to the original action or fails to cure the deficiencies in the original pleading, *see* Fed.R.Civ.P. 15(a). *Campania*

*Mgmt. Co. v. Rooks, Pitts, & Poust,* 290 F.3d 843, 848–49 (7th Cir.2002). Piscitello has given us no reason to disturb the district court's denial of his first motion to amend.

 Finally, Piscitello argues that the district court erred when it denied his third motion to amend his complaint, which sought to add defendants and charge them with false imprisonment and substantive due process violations for confining him. Under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), however, prisoners may not bring lawsuits under § 1983 that, if successful, would necessarily imply the invalidity of a conviction that has not been overturned. Piscitello seeks to circumvent this bar by arguing that his conviction for murder was never valid and thus there is nothing to overturn, so he should be permitted to sue his jailors for illegally confining him. The problem with this argument is that Piscitello remains confined under an order of conviction, valid or not. If he wants to sue his jailors for damages under § 1983, he must first prove the invalidity of his conviction, and the way to do that is to file a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, and ask that the state demonstrate an adequate basis for his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Accordingly, the decision of the district court is AFFIRMED. And because Piscitello filed a frivolous complaint followed by a frivolous appeal, he now has two strikes against him for purposes of 28 U.S.C. § 1915(g). *See Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir.1997).