James H. Boomer, J.
On December 6, 1972, relator was arrested under a warrant for retaking a parolee. In addition, he was arrested on a criminal warrant charging the crime of possession of a dangerous drug, sixth degree. The notice -charging the relator with violations of his parole was not served upon him until February 1, 1973, some seven weeks after his arrest. The hearing was scheduled for February 12, 1973, and at that time relator requested that the hearing be adjourned until the criminal charges pending against him be disposed of. On March 6, 1973, relator was convicted of possession of a dangerous drug, sixth degree, and on March 10,1973, he instituted *258 this habeas corpus proceeding contending that he was not timely advised of his right to a preliminary hearing on the charges of violations of the terms of his parole.
The preliminary hearing must be held promptly ‘ ‘ whether or not another charge is pending against the parolee ” (Matter of Thompson v. McEvoy, 71 Misc 2d 902, 904). Eelator should have been granted his right to a preliminary hearing promptly after the execution of the parole violation warrant, and the service of the notice of charges and the fixing of the date for a prompt hearing should not have been delayed even though relator was held in custody on other criminal charges. While the parole violation warrant is still outstanding, the parolee is not entitled to bail on pending charges (People ex rel. Gatti v. Amico, 39 A D 2d 826, app. dsmd. 30 N Y 2d 955) and for this reason he is entitled to a prompt preliminary hearing to determine if probable cause exists for the issuance of the warrant. Since when the hearing was scheduled the petitioner asked for an adjournment until the determination of the criminal charges pending against him and since there is no claim that his defense ofi the parole violation charges has been prejudiced, I conclude that relator’s constitutional rights will not be infringed if a preliminary hearing is now held without delay. This hearing should proceed even though relator has been convicted of another crime. At the preliminary hearing it will not be necessary to retry the issues already decided at the trial resulting in his recent conviction. 1 ‘ Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime.” (Morrissey v. Brewer, 408 U. S. 471, 490). A preliminary hearing, nevertheless, must be held and, if probable cause is based upon the conviction, the hearing officer should so state. ‘ ‘1 The decision maker should state the reasons for his determination and indicate the evidence he relied on ’ ” (Morrissey v. Brewer, supra, p. 487). Should relator’s conviction afford the only basis for probable cause, parole may be reinstated if the conviction is reversed upon appeal.
Eelator is granted relief to the extent that the relator be afforded a preliminary hearing within 10 days after the date of the service of an order based upon this decision, and if probable cause is found, a parole violation hearing be held within 60 days after the date of service of the order. In the event of noncompliance the parole violation warrant shall be vacated and the relator restored to parole.