No. 48,489

STATE OF KANSAS, *Appellee,* v. KENNY D. HAMILTON, *Appellant.*

(564 P.2d 536)

Opinion filed May 14, 1977.

*Hugh R. McCullough,* assistant public defender, of Topeka, argued the cause and was on the brief for the appellant.

*Donald P. Morrison,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Kenny D. Hamilton appeals from jury convictions of burglary (K.S.A. 21-3715), felony theft (K.S.A. 21-3701), and

misdemeanor criminal damage to property (K.S.A. 21-3720). The sufficiency of the evidence to support these convictions is not questioned on appeal so a short summary of the evidence should suffice.

At approximately 1:40 a.m. on July 31, 1975, Sgt. Claycomb of the Topeka Police Department was on routine patrol in North Topeka. He observed a person inside the Torrence Animal Clinic and radioed for a back-up unit. On investigation no one was found inside the clinic but a window had been broken. The Dowd Service Station, located a short distance from the clinic, had also been burglarized. Two windows of the station had been broken. Numerous articles were missing from the service station including a small calculator and a glass jar containing $15.00 to $20.00 in coins. Two vending machines had been pried open and the machine money-boxes were missing. It was determined that $85.00 in small coins was missing from these machines. The fruits of these crimes were later recovered.

An officer using a police dog searched the area and defendant was discovered in a field behind the animal clinic at 2:00 a.m. The defendant was found lying face down in weeds a foot high at a point 75 feet from the clinic. He was sweating and had $26.60 in small change in his pockets. The defendant initially refused to identify himself to the police officers but when informed that it was necessary to have his name so the police could notify some-one of his whereabouts defendant then gave his name. He refused to make any further statement. Defendant was taken to the police station and charged. A trial followed which ended in these convictions. This appeal was then filed.

Defendant-appellant has abandoned the first point raised on appeal in which he claimed the trial court erred in overruling his motion to suppress evidence of his fingerprints found on broken glass at the animal clinic. The point was not briefed and aban-donment of the point was announced on oral argument before this court.

We are concerned with the one remaining point which relates to certain comments by the prosecutor in closing argument re-garding the initial refusal of appellant to give his name.

At the trial Sgt. Claycomb was cross-examined as to appellant's statements, if any, at the time he was discovered lying face down in a field some 75 feet from the animal clinic. The questions by

appellant's counsel and the answers by the officer were as follows:

"Q. Did you take any statements from him or question him at all at that time?
"A. No, sir. I asked him his name. He wouldn't give it to me, and I didn't question him any further.
"Q. All right, was he questioned by any officer while in your presence?
"A. Not to my knowledge other than to try to find out who he was."

Officer Brown, who was at the scene, searched the appellant. He testified that appellant initially refused to identify himself but that he did give his name when advised it was necessary in order for the police to be able to inform someone of appellant's whereabouts.

The prosecutor commented on the testimony of the two officers in his closing argument. The comments of the prosecutor to the jury were:

"We're asking you to use your common sense. That's what the jury system is all about. That's why it works. You get twelve people together, they use a little bit of common sense, and they come up with good decisions. We hope you do it in this case; and we submit a good decision, a just decision is guilty. Spurious logic—Is it spurious logic to think that a person would be laying out there; be arrested; and refuse to give his name, wouldn't give his name—Is it spurious logic to base a finding of guilty? Now, here's a man out here in a field 2:00 o'clock in the morning, short distance away from the crime, wouldn't give his name— (interrupted)."

The appellant argues that the appellant's initial refusal to give his name was used by the prosecutor to infer a tacit admission of guilt and that the prosecutor's summation included impermissible comment on appellant's exercise of the constitutional right to remain silent as held in *Doyle v. Ohio*, 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, and *State v. Mims*, 220 Kan. 726, 556 P. 2d 387.

The prosecution counters this argument by pointing out the testimony which formed the basis for the prosecutor's comments was elicited by the defense on cross-examination. It contends that a prosecutor may argue all reasonable inferences which arise from evidence elicited by the defendant's counsel.

Preliminarily it should be noted that the officer's inquiry and the appellant's initial refusal to identify himself by name occurred during an on-the-scene investigation. In *State v. Phippen*, 207 Kan. 224, 229, 485 P. 2d 336, the difference in treatment of evidence which may arise from such an investigation and from a custodial interrogation was distinctly recognized on the authority

of *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R. 3d 974.

It should also be noted that K.S.A. 22-2402, commonly referred to as the stop and frisk statute, authorizes a law enforcement officer, without making an arrest, to stop any person whom he reasonably suspects has committed a crime and "demand of him his name". This would include a person, such as the appellant, found at the scene of the crime lying face down in weeds a foot high, in a field 75 feet from the rear of a building which had been recently broken into. The justification and limitations applicable to the authority expressed in this statute are set forth in *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868. The officer had a perfect right to demand of appellant his name. Neither the officer's inquiry nor the officer's statement that appellant refused to identify himself by name violated the privilege against self-incrimination.

It was pointed out in *Schmerber v. California,* 384 U.S. 757, 761, 16 L. Ed. 2d 908, 914, 86 S. Ct. 1826, that the privilege against self-incrimination protects an accused from being compelled to testify against himself or otherwise provide the state with evidence of a testimonial or communicative nature bearing on proof of the commission of the crime. To require a person found at the scene of a recent crime to identify himself by name and address cannot be considered as providing the state with evidence of a testimonial or communicative nature bearing on proof of the commission of the crime. Therefore, we see nothing wrong in the testimony of the two officers.

However the comments of the prosecutor during closing argument constitute a different matter. In a rather circuitous fashion the prosecutor argued that the refusal of appellant to give his name could be used by the jury as a basis for finding appellant guilty. We are of the opinion that these comments were improper in that they were designed to mislead the jury as to the inference it might draw from appellant's refusal to identify himself by name. In *State v. Dearman,* 198 Kan. 44, 422 P. 2d 573, cert. den. 396 U.S. 895, 24 L. Ed. 2d 173, 90 S. Ct. 194, under somewhat different facts, it was held reversible error to permit a jury to draw an inference of guilt from the accused's reliance upon his constitutional right to silence. In *State v. Heath,* 222 Kan. 50, 563 P.2d 418, it was held constitutionally impermissible for a state prose-

cutor to question a defendant and comment in closing argument on his post-arrest silence after receiving the *Miranda* warning. See also *Doyle v. Ohio,* supra.

However, the violations of the defendants' rights to remain silent in *Dearman, Heath* and *Doyle* were flagrant. Both the impermissible testimony and the prosecutors' comments thereon related to post-arrest silence after defendants had received the *Miranda* warning and had been taken into custody under formal charges. Here the comments of the prosecutor related to the circumstances surrounding the initial discovery of the defendant at or near the scene of a recent crime. Any comment on defendant's appearance, demeanor and location when discovered in the field was proper. The sole impropriety in the closing argument was the urging of an inference of guilt based upon the defendant's exercise of his constitutional right to silence.

Misconduct of counsel does not necessarily require a new trial unless it appears to have been so prejudicial as to deprive defendant of a fair trial. (*State v. Thompson,* 221 Kan. 176, 183, 558 P. 2d 93; *State v. Murrell,* 215 Kan. 10, 523 P. 2d 348.) Considering the overwhelming evidence of appellant's guilt in this case we do not believe the misconduct of the prosecutor was so prejudicial as to deprive defendant-appellant of a fair trial. In applying the Kansas harmless error rule (K.S.A. 60-2105) to a federal constitutional error a court must be able to declare the error had little, if any, likelihood of having changed the result of the trial and the court must be able to declare such a belief beyond a reasonable doubt. (*State v. Thompson,* supra.) Where the evidence of guilt is of such direct and overwhelming nature that it can be said the misconduct of counsel could not have affected the result of the trial, such misconduct is harmless error. *(State v. Thompson,* supra; *State v. Mims,* supra.)

Under the facts of the present case where testimony by police officers is elicited by defense counsel to the effect that defendant initially refused to identify himself by name at the scene of the crime, comment thereon by the prosecutor during his closing argument is not such misconduct as to require a reversal of defendant's conviction. There seems little, if any, likelihood that such comment could have changed the result of the trial, and such belief is declared beyond a reasonable doubt by this court in accordance with the requirement of *Chapman v. California,* 386

U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, reh. den. 386 U.S. 987, 18 L. Ed. 2d 241, 87 S. Ct. 1283.

The judgment is affirmed.