RICHARD W. CURTIS; KEVIN SATTERFIELD *v.* STATE OF INDIANA

[No. 2-476A136. Filed December 7, 1977. Rehearing denied January 9, 1978. Transfer denied March 28, 1978.]

*Robert A. Brothers, Christ, Hadler, Brothers & O'Connor,* of Indianapolis, for appellant Curtis, *Carr L. Darden, Sr.,* of Indianapolis, for appellant Satterfield.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum, Charles M. Russell,* Deputies Attorney General, for appellee.

SULLIVAN, P.J.—Richard Curtis and Kevin Satterfield each appeal the denial of their respective Petitions for Post-Conviction Relief. Because of the similarity of issues presented, we heretofore consolidated the causes pursuant to Ind. Rules of Procedure, Appellate Rule 5(b).

On October 15, 1973, Curtis was found guilty of assault and battery with intent to commit a felony, to-wit: rape. His sentence for the indeterminate period of one to ten years was suspended and he was placed on probation for two years under specific conditions, one of which stated:

"1. You shall not commit another criminal offense, either felony or misdemeanor. An arrest could cause your probation to be revoked."

On June 19, 1975, an information was filed in Marion County Municipal Court charging Curtis with Rape, and he was thereafter arrested pursuant to a warrant. Following a deter-

mination of probable cause at a preliminary hearing, the trial court revoked Curtis' probation at the final revocation hearing upon finding that he had committed the newly-charged crime.

Curtis filed a Petition for Post-Conviction Relief on October 20, 1975, pursuant to P.C. Rule 1, alleging that his probation had been wrongfully revoked. The trial court heard evidence and thereafter denied relief.

Kevin Satterfield, on July 12, 1973, entered a plea of guilty to possession of injection equipment in violation of the 1935 Narcotics Act. His sentence for not less than one year or more than five years was suspended, and he was placed on probation for a period of two years. One of the conditions of the probation stated:

> "1.  You shall not commit another criminal offense, either felony or misdemeanor."

On January 23, 1975, Satterfield was arrested without a warrant for the alleged commission of a new crime. The next morning, Satterfield was released from custody and no charges were filed. On April 4 and 18, a final revocation hearing was held whereupon the probation was revoked and sentence executed. Thereafter, Satterfield filed his Petition for Post-Conviction Relief and was denied relief.

We are presented with the following issues:

(1)  Is a conviction required for revocation of probation based upon the violation of a condition prohibiting the "commission" of a crime?

(2)  Is a preliminary hearing required to determine probable cause where the probationer is not held in custody awaiting the final revocation hearing?

(3)  Was there sufficient evidence to support the trial court's findings that Curtis and Satterfield violated the conditions of probation?

I.

Curtis and Satterfield contend that their respective probations were improperly revoked because they had not been *convicted* of the alleged criminal acts.

This question has been answered by the Indiana Supreme Court in *Hoffa v. State* (1977), 267 Ind. 133, 368 N.E.2d 250. The court therein stated:

"It is not necessary that a criminal conviction precede revocation of probation for unlawful conduct; it is only necessary that the trial judge, after a hearing, finds such conduct to have occurred."[1]

Having determined that Curtis and Satterfield violated the conditions prohibiting unlawful conduct, and trial court properly exercised its discretion in revoking the probations of each.[2]

## II.

Satterfield was arrested in January, 1975, without the aid of a warrant and was released the next morning without filing of charges. Four days later, he was sent a Notice of Probation Violation ordering him to appear before the trial court on April 4, 1975. On April 4 and 18, 1975, a final revocation hearing was held and Satterfield's probation was revoked.

The issue presented is whether the trial court erred in failing to hold a preliminary hearing to determine the existence of probable cause.

While cognizant of views to the contrary,[3] we are nevertheless of the belief that the requirement of a preliminary hearing set forth by the United States Supreme Court in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, is applicable only where the probationer is held in custody to await

---

1. The Supreme Court decision in *Hoffa,* clearly overruled the prior inconsistent Court of Appeals' decision in *Ewing v. State* (1974), 160 Ind. App. 138, 310 N.E.2d 571.

2. The discarding of the conviction requirement renders sterile Satterfield's further contention that the trial court lacked jurisdiction to determine whether a crime had been committed without the initiation of a criminal prosecution.

3. In *In Re La Croix* (1973), 32 Cal.App.3d 319, 108 Cal. Rptr. 93, the court reviewed the failure to afford a preliminary hearing to a parolee previously convicted and detained for the subsequent parole violation. In so doing, the court rejected the idea that loss of liberty was the sole underpinning of the preliminary hearing requirement, stating that such a hearing insured the parolee the opportunity to present his case when the information is fresh and sources are available. *See also People ex rel. Harvey v. Skinner* (1973), 73 Misc.2d 257, 341 N.Y.S.2d 929.

the final revocation hearing. Where, as in Satterfield's case, the probationer is not detained, the purpose underlying the preliminary hearing is eliminated. *See Petition of Meidinger* (Mont. 1975), 539 P.2d 1185; *State v. Fry* (1976), 15 Wash. App. 499, 550 P.2d 697.

We concur with the comments of the court in *United States v. Sciuto* (7th Cir. 1976), 531 F.2d 842, 846:

"[W]e must also consider Sciuto's argument that he was entitled to a preliminary hearing for the purpose of determining probable cause. We reject that argument because he was not held in custody to await the revocation hearing. *Gagnon v. Scarpelli, supra,* and the decision on which it is based, *Morrissey v. Brewer, supra,* prescribe a two-stage procedure for parole and probation revocation: a preliminary hearing on whether there is probable cause to believe the terms of release were violated, and a subsequent final hearing on the merits. In those cases, however, the respondents were held in custody however, the respondents were held in custody until the revocation hearing. The reason for requiring a preliminary hearing was that the conditional liberty of a probationer or parolee, like the more complete liberty of others, cannot constitutionally be infringed without probable cause. This reason for requiring a preliminary hearing is not present when, as here, the probationer is not held in custody to await the revocation hearing. *United States v. Tucker,* 524 F.2d 77 (5th Cir. 1975); *United States v. Strada,* 503 F.2d 1081, 1084 (8th Cir. 1974); *United States v. Langford,* 369 F. Supp. 1107 (N.D. Ill. 1973)."

The court in *Sciuto* further noted that probation can be distinguished from parole in that "unlike the parolee, the probationer is entitled to bail, and therefore will not necessarily be incarcerated at a place distant from the scene of the alleged offense; and in a probation revocation hearing the evidence is not presented by a layman to a lay tribunal." 531 F.2d at 846, n. 2. The court also rejected the argument that the preliminary hearing was necessary to afford notice to the probationer, stating that "a defendant's right to reasonable notice of the nature of the charged violation and an opportunity to meet the evidence offered against him can be satisfied by means other than a preliminary hearing." 531 F.2d at 847.

The court in *Pearson v. State* (Minn. 1976), 241 N.W.2d 490, 493, stated: "The only justification for requiring a preliminary hearing in a case such as this is that the defendant should not have to spend considerable time in jail awaiting a revocation hearing." Further evidence that the deprivation of liberty is the mainspring of the preliminary hearing requirement are the comments of the court in *United States v. Tucker* (5th Cir. 1975), 524 F.2d 77, *cert. den.* 424 U.S. 966, wherein the probationer was already incarcerated pursuant to a final conviction:

> "In such a case, there is no immediate loss of freedom which would require the immediate probable cause hearing which the *Morrissey* and *Gagnon* Courts deemed necessary. The fact that this type of situation was not mentioned in either case does not compel a contrary conclusion; in neither case was the petitioner incarcerated subject to a final conviction at the time of attempted revocation." 524 F.2d at 78.

### III.

Curtis and Satterfield further challenge the sufficiency of the evidence presented at their respective revocation hearings with respect to the commission of the alleged criminal acts. The denial of both Petitions for Post-Conviction Relief constitute negative judgments, and we will not disturb the findings of the trial court unless it is demonstrated that the evidence is without conflict and leads to but one conclusion, and the trial court reached the opposite conclusion. *See Willoughby v. State* (1975), 164 Ind. App. 676, 330 N.E.2d 120; *Fraley v. State* (1975), 163 Ind. App. 226, 323 N.E.2d 239.

Curtis was placed on probation on May 17, 1974. On June 9, 1975, he was charged with Rape. The victim of the alleged rape testified at the final revocation hearing that Curtis offered her a ride on his motorcycle and she accepted. After riding for awhile, she asked to be taken home. Curtis refused and instead took her to a field where he dragged her from the bike and forcibly had sexual intercourse with her under threat of violence if she continued to struggle. Wayne Terry, a friend of Curtis, testified that he saw Curtis and the victim ride off on the motorcycle and return after about 15 to 25 minutes. A medical examination report con-

firmed that the victim had engaged in sexual intercourse. An investigating officer of the Indianapolis Police Department testified that he interviewed the victim the next day and that she was very upset while reiterating the account of the rape.

Satterfield was arrested on or about January 23, 1975, for the possession of alleged stolen property. The record reveals that a security guard at Lazarus Department Store became suspicious of Satterfield and his two companions because they fit the description of three persons who had allegedly stolen merchandise earlier in the day. Satterfield evaded the guard's surveillance by leaving the store, but his two companions were stopped outside and were found to have empty shopping bags. After the store closed, Satterfield was spotted coming through the auto-pickup door. The officer asked him to unbutton his coat and a pair of pants were found tucked inside his trousers next to his body. The tags were still on the pants and indicated they were from the L. S. Ayres store. Satterfield claimed that he bought the merchandise from a friend whom he could not name. The investigation officer testified that the tags were not torn and that L. S. Ayres identified the pants as its property.

The foregoing evidence sufficiently supports the findings of the trial court that both Curtis[4] and Satterfield committed the alleged unlawful acts.

The judgments denying the Petitions for Post-Conviction Relief as to both Curtis and Satterfield are affirmed.

Buchanan and White, JJ. concur.

NOTE—Reported at 370 N.E.2d 385.

---

4. We reach this conclusion without assistance from the State, which inexplicably chose to argue the sufficiency of the evidence supporting Curtis' original conviction rather than the evidence presented at the revocation hearing.