(573 P 2d 1117)

No. 48,977

STATE OF KANSAS, *Appellee,* v. ANTHONY JEROME HOLT and RONALD EDWARD HAYES, *Appellants.*

Opinion filed January 6, 1978.

*T. L. O'Hara,* of Warner, Bailey & O'Hara, of Wichita, for the appellant Anthony Jerome Holt.

*Al Hybsha,* of Wichita, for the appellant Ronald Edward Hayes.

*J. Larry Linn,* assistant district attorney, *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, for the appellee.

Before REES, P.J., ABBOTT and PARKS, JJ.

ABBOTT, J.: The defendants were tried jointly for the crime of indecent liberties with a child (K.S.A. 1975 Supp. 21-3503). Both defendants were found guilty by a jury. The defendant Anthony J. Holt was also charged with and acquitted of aggravated sodomy (K.S.A. 21-3506).

The defendant Holt contends the trial court erred in admitting into evidence a statement he gave to a detective after having requested at two prior interrogations that an attorney be present.

Holt was arrested at approximately 7:35 p.m. on Saturday, June 12, 1976, suspected of having committed the crimes of rape and aggravated sodomy. His rights pursuant to *Miranda* were read to

him. He stated he wanted to confer with his lawyer before making a statement, and the request was honored. The interview was terminated and he was taken to the police station.

At the police station, Holt was taken into an interview room where Detective Stokes read his *Miranda* rights to him. Again defendant declined to discuss the allegations without an attorney present, and the request was honored. The second interview was terminated. Defendant was then booked and placed in jail.

Detective Blanton interviewed Holt the following morning at approximately 10:30. Holt testified he again requested a lawyer and was ignored. The detective denied that defendant requested a lawyer. Holt signed a waiver of his *Miranda* rights. He then made a statement admitting having had sexual intercourse with the victim on June 12, 1976, but denied using force. At the trial, Holt took the stand and again admitted having intercourse with the victim, but denied using force and denied the minor female engaged in oral sodomy.

The trial judge found the waiver and statement were freely, voluntarily and intelligently given and admitted the statement into evidence. The jury found Holt guilty of indecent liberties with a child and not guilty of aggravated sodomy.

Holt's position is that the police should not have interviewed him after he made requests for the presence of counsel. He relies on *Michigan v. Mosley,* 423 U.S. 96, 46 L.Ed.2d 313, 96 S.Ct. 321 (1975), and *State v. Boone,* 220 Kan. 758, 768, 556 P.2d 864.

The pertinent portions of both *Mosley* and *Boone,* supra, have their origin in *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602 (1966). The crux of the problem originates in the *Miranda* decision where the court sets forth the procedure to be followed after the necessary *Miranda* warnings have been given. The United States Supreme Court first considered the Fifth Amendment right of one accused of a crime not to be a witness against oneself. The court stated that where a defendant elects "to remain silent, the interrogation must cease." (p. 474.)

In *Mosley,* the United States Supreme Court ruled that the language in *Miranda* which requires police to cease interrogating when the suspect indicates his desire not to speak neither creates a blanket proscription of indefinite duration upon further police questioning, nor imposes a blanket prohibition of the taking or admitting of voluntary statements, nor permits a resumption of

the questioning after a mere momentary lapse of time. The court concluded that the admissibility of statements made by an individual after he has decided to remain silent "depends under *Miranda* on whether his 'right to cut off questioning' was 'scrupulously honored.' " (*Mosley,* supra, p. 104.) The statement given by the suspect to a second officer concerning a murder was then held to be admissible, because the defendant had knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel despite the fact that an hour or so earlier the suspect had expressed a desire to remain silent to a different officer investigating a robbery. Kansas has followed that line of reasoning in *State v. Kanive,* 221 Kan. 34, 37, 558 P.2d 1075.

Unlike the above cases which turn on the Fifth Amendment, this case turns on the defendant's right to counsel under the Sixth Amendment. In the same paragraph of *Miranda* where the court sets out the procedure to be followed when a defendant makes known to the law enforcement officers that "he wishes to remain silent, the interrogation must cease" (*Miranda,* supra, p. 474), the court also sets out the procedure to be followed when the suspect exercises Sixth Amendment right to counsel. The court said, "If the individual states that he wants an attorney, the interrogation must cease until an attorney is present." (Underscoring supplied.) (*Miranda,* supra, p. 474.) Where the Fifth Amendment right to remain silent is concerned, the court directed the interrogation is merely to "cease," whereas in considering the procedure to follow where the suspect exercises his right to counsel under the Sixth Amendment, the interrogation is to cease "until an attorney is present." (*Miranda,* supra, p. 474.)

The United States Supreme Court has clearly stated that, "[a]fter such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement." (*Miranda,* supra, p. 479.) Clearly it was intended that a suspect can knowingly and intelligently waive his right to an attorney before he requests the assistance of an attorney. The Supreme Court of the United States has not had occasion to rule on a case where the suspect has first requested an attorney and later waived the right to counsel without consulting an attorney prior to the waiver.

We do not find *State v. Boone,* supra, to be applicable to the facts of this case. In *Boone,* interrogation of the defendant continued after he requested assistance of counsel. The statement was then used to impeach the defendant. The Kansas Supreme Court cited footnote seven of *Mosley,* supra, as authority for the statement, "After a request to see an attorney is made, all questioning must cease until an attorney is present." (*Boone,* supra, p. 768.) Defendant uses that quote as authority for his position in this case. The quoted statement is from the *Miranda* decision and is so set forth in footnote seven. The statement is taken out of context by defendant and we recognize it for its intended purpose, which was to state the general proposition expounded in *Miranda. Boone,* supra, did not consider the question before the court in this case.

The trial judge relied on *State v. Law,* 214 Kan. 643, 522 P.2d 320 (a 1974 case decided prior to *Mosley,* supra), and conducted a preliminary inquiry on the admissibility of the extrajudicial statement made by the accused, determined the statement was freely, voluntarily and intelligently given, and admitted the statement into evidence. If the procedure used to obtain the statement did not violate the accused's constitutional rights, this court on appeal should accept the trial judge's determination if it is supported by substantial competent evidence. (*Kanive,* supra; *State v. Creekmore,* 208 Kan. 933, 495 P.2d 96.)

We interpret *Law,* supra, to hold that a suspect can waive his right to counsel, as well as his right to remain silent, provided the waiver is freely, knowingly and intelligently made, even though he first requested counsel, was subsequently incarcerated, and after a few hours waived his right to counsel without having been afforded counsel prior to the subsequent interrogation.

We are unable to find a distinguishing feature in the case at bar from the facts in *Law,* supra, other than the fact the waiver in this case was made after the defendant on two separate occasions requested counsel as opposed to only one prior request in *Law.* In view of *Law,* we are not inclined to hold that a suspect's constitutional rights have been violated as a matter of law when he knowingly and intelligently waives his rights after having on two separate occasions requested assistance of counsel or that the suspect may not thereafter effectively waive his right to counsel without first having consulted counsel.

The court of appeals is duty-bound to follow *Law,* supra, in the absence of some indication the Supreme Court has departed from the view expressed therein, and no such indication exists.

We have examined the record, and while we might not have reached the same conclusion as the trial judge, there is substantial competent evidence of the same quality, quantity and nature as set forth in *Law,* supra, to support the trial judge's finding that the waiver was freely, voluntarily and intelligently made. Of equal importance, there is no showing any of the detectives had knowledge of the suspect's prior exercise of his right to remain silent and to have counsel present during the interrogation. No evidence was offered that the police department had conducted itself in a similar manner in the past when a suspect requested counsel.

*Miranda* prohibits repeated interrogations when a suspect elects to remain silent or requests counsel. The state has a heavy burden of demonstrating the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to counsel without being threatened, tricked, or cajoled. There are no allegations that the statement in this case was coerced. The defendant was repeatedly and adequately informed of his rights, and he specifically waived his right to counsel. Although this case stretches the permissible limits of acceptable conduct on the part of law enforcement officers under the guidelines of *Miranda* to their outer limits, the record in this case demonstrates substantial competent evidence to support the trial court's determination that the waiver was freely, voluntarily and intelligently made. We therefore hold the prohibition against continued interrogation in the face of prior refusals to talk or prior requests for counsel to be present during interrogation does not invalidate a statement thereafter given where the suspect voluntarily, knowingly and intelligently waived his rights under the Fifth and Sixth Amendments. The extrajudicial statement of Holt was properly admitted into evidence.

The defendant Hayes also challenged the infringement upon Holt's constitutional rights. Having determined the identical argument adversely to Holt, we need not consider Hayes's argument on that point.

The defendant Hayes also contends the police used a passkey to gain admission to the apartment where the crime was commit-

ted without obtaining a search warrant. The apartment was leased to a girl friend of Hayes with whom Hayes was living. The girl friend was out of state when the incident occurred. The police were attempting to apprehend the individual responsible for the crime they at the time were investigating as a rape and aggravated sodomy case. The apartment house manager opened the apartment door, at the request of the police, with a passkey. No one was in the apartment, and the search did not provide direct evidence as to any of the elements of the offense charged. One officer did testify he saw an envelope with Ronald Hayes's name upon it. Hayes was occupying the apartment with the manager's permission and she knew Hayes's name. As a result, Hayes's name and the fact he occupied the apartment were readily available to the police and, in all likelihood, were known to the police before they entered the apartment.

The search resulted in harmless error. "In applying the Kansas harmless error rule (K.S.A. 60-2105) to a federal constitutional error a court must be able to declare the error had little, if any, likelihood of having changed the result of the trial and the court must be able to declare such a belief beyond a reasonable doubt." (*State v. Hamilton,* 222 Kan. 341, Syl. 4, 564 P.2d 536; *State v. Thompson,* 221 Kan. 176, Syl. 5, 558 P.2d 93.)

Two girls positively identified Hayes, and Holt gave testimony at trial that incriminated Hayes. There is no likelihood that excluding the police officer's testimony of finding Hayes's name on an envelope in an apartment, which other witnesses testified he occupied, would have changed the result of the trial. In addition, the defendant failed to make specific objections in violation of the contemporaneous objection rule.

Affirmed as to both defendants.