(615 P.2d 165)
No. 51,669

STATE OF KANSAS, *Appellee,* v. RANDALL LANE MALBROUGH, *Appellant.*

Opinion filed August 15, 1980.

*Everett Fritz II,* of Kansas City, for the appellant.

*Christopher Y. Meek,* Assistant Attorney General, *Gary L. Nafziger,* County Attorney, and *Robert T. Stephan,* Attorney General, for the appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

PARKS, J.: Defendant Randall Malbrough was granted probation following a jury conviction for burglary. One condition of his probation was that he abide by the laws of the State of Kansas. Defendant was subsequently charged with aggravated battery on October 24, 1979. The following day, the county attorney filed a motion for the revocation of Malbrough's probation. No arrest warrant was sought nor was the defendant detained; however, he was notified of the motion for revocation at his first appearance on the battery complaint.

At the revocation hearing, the State presented three witnesses whose names were endorsed on the complaint. Defendant testified at the hearing and attempted to introduce the out-of-court statement of an absent witness, Scott Noll. The court refused to admit the statement and found that the defendant had violated the conditions of his probation by committing the crime of battery. Defendant's probation was revoked on November 5, 1979, and he was committed to custody in the Jefferson County jail pending the outcome of the aggravated battery complaint. Defendant appeals from the order revoking his probation.

The State argues that this appeal is moot because subsequent to the revocation hearing the defendant was convicted of battery in a jury trial. It is true that evidence of a criminal conviction while on probation is sufficient to support revocation (*State v. Rasler,* 216 Kan. 292, Syl. ¶ 2, 532 P.2d 1077 [1975]), but the revocation must

be the determination of the sentencing court based on the reception of evidence and exercise of discretion. Here the probation was revoked before the conviction and the issues raised by defendant pertain to matters which took place at the revocation hearing. We have determined that the appeal should be heard on its merits.

Defendant contends that he was denied due process of law by the trial court's failure to hold a preliminary hearing to determine the existence of probable cause. He relies upon *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L.Ed.2d 656, 93 S.Ct. 1756 (1973), and *Morrissey v. Brewer,* 408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593 (1972), which prescribe a two-stage procedure for parole and probation revocation: a preliminary hearing to determine whether there is probable cause to believe the terms of release were violated, and a subsequent final hearing on the merits. In both of these cases the probationer was held in custody prior to the revocation hearing. We agree with the view expressed by the Seventh Circuit that the reason for requiring a preliminary hearing was that the conditional liberty of a probationer or parolee, like the more complete liberty of others, cannot constitutionally be infringed without probable cause. *United States v. Sciuto,* 531 F.2d 842, 846 (7th Cir. 1976). When the probationer is not held in custody to await the revocation hearing, the requirement of a preliminary hearing is eliminated. *Curtis v. State,* _____ Ind. App. _____, 370 N.E.2d 385 (1977).

In the present case, the trial court was not required to hold a preliminary hearing because Malbrough was not held in custody or detained to await the hearing on the merits. Additionally, there is nothing in the record to suggest that the failure to hold a preliminary hearing deprived defendant of notice or any other components of due process. On the contrary, defendant was present and represented by counsel, evidence was introduced on his behalf, and he was afforded the opportunity to meet the accusations against him. Therefore, we conclude that defendant was not denied due process by the court's failure to hold a preliminary hearing.

Defendant next complains that the scheduling of his revocation hearing infringed on his right to prepare a defense because it was held before his statutory right to see statements and reports held by the prosecutor was effective. K.S.A. 22-3213. However, the

record indicates that defendant's counsel was given access to all the information held by the prosecutor prior to the hearing even though K.S.A. 22-3213 did not mandate such access. Therefore, defendant did not suffer any prejudice by virtue of the timing of the hearing and cannot complain on appeal.

Defendant also contends that he was denied procedural due process because the county attorney's office is without authority to initiate revocation proceedings. Defendant asserts that K.S.A. 22-3716 requires that probation revocation proceedings be instituted only by a bench warrant issued on the court's own motion, upon the arrest, or by request of the probation officer. We disagree.

K.S.A. 22-3716 defines the authority of a probation officer to make warrantless arrests and it specifies that the court may issue a warrant or notice to appear. However, the statute does not limit the initiation of probation revocation to the *sua sponte* action of the court. The county attorney is the chief law enforcement officer of his county and is empowered to "prosecute or defend on behalf of the people all suits, applications or motions, civil or criminal, arising under the laws of this state, in which the state or their county is a party or interested." K.S.A. 19-702. A violation of the conditions of a probation is certainly within the concept of "prosecute . . . motions . . . in which the state . . . is a party or interested." *State v. Paul,* 82 N.M. 791, 487 P.2d 493 (1971). We concur with the *Paul* court and hold that K.S.A. 22-3716 does not limit the power of the county attorney to prosecute either expressly or by necessary implication. Thus, defendant's claim on this point must fail.

Finally, defendant argues that the court's exclusion of the statement of defense witness Scott Noll was reversible error. Defendant claims that the statement is exculpatory; however, its recounting differed from that of the State's witnesses only in minor respects. Even if it was error to exclude the statement, it does not necessarily require a reversal unless it appears to have been so prejudicial as to deprive defendant of a fair hearing. Where, as here, the evidence is overwhelming that a violation of defendant's probation had occurred and it can be said that the statement could not have affected the result of the hearing, such exclusion is harmless error. *State v. Hamilton,* 222 Kan. 341, Syl. ¶ 5, 564 P.2d 536 (1977); K.S.A. 60-2105.

Affirmed.