**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Richard James ELLEFSON, Defendant and Appellant.**

**No. 13965.**

Supreme Court of South Dakota.

Argued April 19, 1983.

Decided May 25, 1983.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee, Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Craig A. Kennedy of Doyle, Bierle, Porter & Kennedy, Yankton, for defendant and appellant.

WOLLMAN, Justice.

This is an appeal from an order revoking suspended sentence. We affirm.

In 1978 defendant was sentenced to ten years in the penitentiary for second degree rape. Following an appeal to this court, *State v. Ellefson,* 287 N.W.2d 493 (S.D. 1980), defendant was resentenced, again to ten years in the penitentiary. In December of 1980, the trial court entered an order suspending the sentence under certain terms and conditions. Defendant was convicted of burglary and first degree sexual

assault in Nebraska on March 26, 1982. He was appealing this conviction at the time of the revocation hearing.

During the period from February 9, 1982, to July 22, 1982, the State obtained, but did not serve, three separate bench warrants for defendant's arrest based upon the Nebraska charges against defendant. On August 4, 1982, defendant gave notice to the Yankton County State's Attorney of the fact of his imprisonment and requested final disposition of the revocation proceedings. The revocation hearing began on the morning of September 10, 1982. The court adjourned the hearing until the afternoon of that day upon learning that a petition for revocation had not yet been served upon defendant. Upon resumption of the hearing in the afternoon, the trial court asked defendant's counsel if he had had a reasonable time to prepare a defense to the revocation petition, which had been served upon defendant during the adjournment, to which counsel responded, "[A]t this time I am not requesting the court for a continuance." After receiving certified copies of the judgments entered on the Nebraska convictions, the trial court entered findings of fact, conclusions of law, and an order revoking the order of suspension and reinstating the sentence.

Defendant's first contention is that he was denied his right to a preliminary hearing prior to the revocation hearing and that he received inadequate notice of the claimed violations that formed the basis of the revocation hearing.

*Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), enumerates the following requirements of due process for parole revocation:

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body

such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), extended these requirements to probation revocation proceedings. We addressed the requirement of a probable cause hearing in *State v. Lohnes,* 266 N.W.2d 109, 112 (S.D. 1978), where we stated:

[A] probationer is entitled to a two-step due process proceeding before his probation may be revoked. The first step—a probable cause hearing to determine if there are reasonable grounds to believe that probation violations have occurred and to hold him for further hearing—is not involved here. The appellant does not contest the fact that he escaped twice and where violations are admitted, no probable cause hearing is necessary.

In referring to the requirements established in *Morrissey,* the Court stated in *Gagnon,* "Specifically, we held that a parolee is entitled to two hearings, one a preliminary hearing . . . to determine whether there is probable cause," 411 U.S. at 781, 93 S.Ct. at 1759, 36 L.Ed.2d at 661. This requirement, however, has been held not to apply where a probationer is not deprived of his freedom pending the holding of a revocation hearing. In discussing the preliminary hearing requirement laid down by *Morrissey* and *Gagnon,* the Court of Appeals for the Eighth Circuit stated:

The preliminary hearing requirement of these cases is founded upon the concern that a person not be wrongfully imprisoned pending final probation revocation proceedings if probable cause to believe that a violation has occurred cannot be established. Persons on parole or probation generally are attempting to reintegrate themselves into society and establish a normal life; a wrongful interruption of this process is likely to cause the person and his or her family serious harm. . . .

In this case, however, appellant was already confined; he had been legally deprived of his liberty and was in the custody of the State of Missouri. Therefore, no interruption of his "liberty" occurred. Detention on the alleged probation violation did not interfere with any attempt by Sutton to re-establish his life. Furthermore, appellant has not established that he was prejudiced or harmed in any other manner by the failure of the district court to hold a preliminary probable cause hearing.

*United States v. Sutton,* 607 F.2d 220, 222 (8th Cir.1979).

As stated earlier by that court:

One rationale for the *Morrissey* preliminary hearing requirement was to provide procedural safeguards with regard to the loss of liberty that accompanied an *arrest* for parole violations. 408 U.S. at 485–487, 92 S.Ct. 2593. Thus, *Gagnon* extends the right to such a hearing only to those probationers who are taken into custody and deprived of their conditional freedom. This is not the situation in the instant case. Appellant was not taken into custody until sometime after an adversary evidentiary hearing and a finding by the court that appellant had violated the terms of his probation. Thus the holdings in *Morrissey* and *Gagnon* are not applicable.

*United States v. Strada,* 503 F.2d 1081, 1084 (8th Cir.1974). *See also United States v. Sciuto,* 531 F.2d 842 (7th Cir.1976); *United States v. Tucker,* 524 F.2d 77 (5th Cir.1975), *cert. denied,* 424 U.S. 966, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976); *Curtis v. State,* 175 Ind.App. 76, 370 N.E.2d 385 (1977); *State v. Tech,* 240 N.W.2d 658 (Iowa 1976); *State v. Malbrough,* 5 Kan.App.2d 295, 615 P.2d 165 (1980); *Pearson v. State,* 308 Minn. 287, 241 N.W.2d 490 (1976); *In re Meidinger,* 168 Mont. 7, 539 P.2d 1185 (1975).

■ The threat sought to be averted by the due process right of a preliminary hearing—that of a capricious or unwarranted deprivation of liberty pending final disposition of the revocation proceedings—existed no more in this case than it did in the above-cited cases, where the defendants remained free pending the revocation hearing. Defendant would have remained in confinement in the Nebraska Penitentiary irrespective of the South Dakota revocation proceedings. He therefore suffered no prejudice as a result of the lack of a preliminary hearing. To hold that the order appealed from must be reversed and the case remanded for the institution of new revocation proceedings at which defendant would be afforded a preliminary hearing to determine whether or not there exists probable cause to proceed with the revocation proceedings, would be to invite recitation of the nursery rhyme recounting the King of France's meaningless military maneuver, recently referred to by Justice Rehnquist. *See Florida v. Royer,* —— U.S. ——, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (Rehnquist, J., dissenting). In short, alleging no prejudice, and the record disclosing none, defendant will not be heard to maintain that he suffered any due process deprivation.

■ Likewise, defendant offers no particulars in which he suffered prejudice as a result of the concededly belated formal petition for revocation that was finally served upon him. Defendant was aware of the pending proceedings, as witnessed by the demand that he served upon the Yankton County State's Attorney in August of 1982, pursuant to the Interstate Agreement on Detainers Act, SDCL 23–24A, demanding that the State proceed upon the detainer that had been filed against him with the Nebraska officials. Accordingly, we hold that the late service of the formal petition, although not a practice to be commended, did not render the proceedings constitutionally unfair.

■ Defendant's second contention is that we should follow Oklahoma and Texas and hold that a conviction that is being appealed may not serve as the sole basis for revocation of probation during the pendency of the appeal. *See Kern v. State,* 521 P.2d 412 (Okl.Cr.App.1974); *Harris v. State,* 169 Tex.Cr.R. 71, 331 S.W.2d 941 (1960). We decline to do so. It is clearly the major-

ity rule that a conviction that is pending on appeal is a valid basis for revocation of probation. The reason for this rule was well stated by the Court of Appeals for the Second Circuit:

> A criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilt beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review.

*Roberson v. State of Connecticut,* 501 F.2d 305, 308 (2nd Cir.1974). *See also United States v. Gentile,* 610 F.2d 541 (8th Cir. 1979); *United States v. Garza,* 484 F.2d 88 (5th Cir.1973); *United States v. Carrion,* 457 F.2d 808 (9th Cir.1972); *Alexander v. State,* 578 P.2d 591 (Alaska 1978); *Rutledge v. State,* 263 Ark. 300, 564 S.W.2d 511 (1978); *State v. Palama,* 62 Hawaii 159, 612 P.2d 1168 (1980); *Hutchinson v. State,* 44 Md.App. 182, 407 A.2d 359 (1979), *aff'd,* 292 Md. 367, 438 A.2d 1335 (1982); *Rubera v. Commonwealth,* 371 Mass. 177, 355 N.E.2d 800 (1976); Annot., 76 A.L.R.3d 588 (1977).

We agree with the reasoning set forth in the *Roberson* decision, and therefore we hold that a subsequent conviction that is being appealed at the time of the revocation hearing on a prior offense may serve as the basis for the revocation of probation granted on the earlier offense.

The order appealed from is affirmed.

All the Justices concur.