972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William E. GROCE, Petitioner/Appellant,
v.
Thomas D. RICHARDS and Indiana, Attorney General,
Respondents/Appellees.
 No. 91-2778.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1992.*
Decided Aug. 4, 1992.
 
 Before BAUER, Chief Judge, and FLAUM, and RIPPLE, Circuit Judge.
 
 ORDER
 
 1
 Petitioner William E. Groce appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. The district court dismissed the petition without prejudice for failure to exhaust state court remedies. We affirm.
 
 
 2
 In 1972, Mr. Groce was convicted of rape in Indiana and sentenced to two to twenty-two years' imprisonment. He was paroled on October 6, 1983. His parole was revoked, however, in November 1987, after the Indiana Parole Board found that he had violated the terms of his parole. On August 5, 1988, Mr. Groce filed a petition for post-conviction relief in the Indiana trial court, alleging that his parole was unlawfully revoked. That petition is still pending. On appeal, Mr. Groce argues that despite the pendency of the state court proceeding, the district court erred in dismissing his section 2254 petition for failure to exhaust because the long delay in state court rendered his remedy there ineffective to protect his rights.
 
 
 3
 In order to obtain federal review of a section 2254 petition, a petitioner must first exhaust all available state court remedies, Rose v. Lundy, 455 U.S. 509 (1982), unless "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). Unreasonable and unjustifiable delay by the state court in reviewing the petition may constitute grounds for excusing the exhaustion requirement. Dozie v. Cady, 430 F.2d 637, 638 (1970). Mr. Groce's state post-conviction proceeding has been pending since August 1988. However, this long delay cannot be blamed on the state court. At a hearing on the post-conviction petition, the state court indicated that it would continue the matter indefinitely and reinstate it upon Mr. Groce's request. The record indicates that Mr. Groce has never requested that the state court reinstate his petition. Therefore, the delay is not attributable to the state and does not excuse Mr. Groce's non-compliance with the exhaustion requirement.[1] For the reasons stated, the district court's dismissal of Mr. Groce's petition without prejudice is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Groce also argues that his state court remedies are ineffective because the state trial court informed him that Rule P.C. 1 of the Indiana Rules of Procedure for Post-Conviction Remedies, under which Mr. Groce proceeded in the state court, does not afford relief for unlawful parole revocations. Rule P.C. 1(a)(5) specifically allows relief for unlawful parole revocations. See also Satterfield v. Indiana, 175 Ind.App. 76, 370 N.E.2d 385 (Ind.App.1977). If the state trial court refuses to allow Mr. Groce to litigate this issue, he may appeal its decision