(8 P.3d 8)

No. 82,009

STATE OF KANSAS, *Appellee*, v. VERNON WONDERS, *Appellant*.

Opinion filed June 2, 2000.

*Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Jennifer M. Wieland*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., BEIER, J., and PADDOCK, S.J.

PADDOCK, J.: The district court revoked Vernon Wonders' probation. Wonders appeals. We affirm.

Wonders was convicted of possession of cocaine and misdemeanor possession of marijuana. He was sentenced on April 4, 1995, to a controlling term of 14 months' imprisonment and im-

mediately placed on probation for a period of 36 months. The facts leading to Wonders' arrest and conviction can be found in *State v. Wonders*, 263 Kan. 582, 952 P.2d 1351 (1998).

One of the conditions of Wonders' probation was that he successfully complete the Harvey County Community Corrections (HCCC) program. In March 1996, Wonders was discharged from the HCCC program for failure to comply with program rules. No action was taken at that time to revoke Wonders' probation because his conviction was on appeal.

On April 3, 1998, the district court, upon a motion and affidavit filed by a Harvey County court services officer stating the ways Wonders was in violation of his probation, issued a bench warrant for Wonders' arrest. The warrant indicated that Wonders had violated his probation by failing to successfully complete the HCCC program. Following a hearing at which Wonders was present and represented by counsel, the court determined that Wonders had indeed failed to complete the HCCC program. The court then ordered that Wonders' probation be revoked but reinstated his probation for another 3-year period. Wonders, believing that the period of his initial probation had expired, filed a timely appeal.

Wonders first contends that the district court was without jurisdiction to conduct revocation proceedings. He argues that K.S.A. 22-3716 does not authorize a court services officer to initiate revocation proceedings by motion. He cites *State v. Malbrough*, 5 Kan. App. 2d 295, 615 P.2d 165 (1980), as authority that, aside from the *sua sponte* action of the court, only a district or county attorney as the chief law enforcement of the county could initiate revocation proceedings. Wonders then concludes that the initiation of the revocation proceedings by the court services officer was a denial of his procedural due process rights and deprived the district court of jurisdiction to conduct the revocation proceedings.

Whether a district court has jurisdiction to revoke probation is a question of law over which this court has unlimited review. *State v. Williams*, 20 Kan. App. 2d 142, 145, 884 P.2d 743 (1994). A district court has jurisdiction to revoke probation if proceedings are instituted before expiration of the probation term. 20 Kan. App. 2d 142, Syl. ¶ 1.

Wonders' reliance on his interpretation of K.S.A. 22-3716(a) and this court's decision in *Malbrough*, is misplaced.

K.S.A. 22-3716 provides in pertinent part:

"(a) At any time during probation . . . the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release . . . . Any court services officer . . . may arrest the defendant without a warrant or may deputize any other officer with power of arrest to do so by giving the officer a written statement setting forth that the defendant has, in the judgment of the court services officer . . ., violated the conditions of the defendant's release . . . . After making an arrest, the court services officer . . . shall present to the detaining authorities a similar statement of the circumstances of violation. . . .

"(b) Upon arrest and detention pursuant to subsection (a), the court services officer . . . shall immediately notify the court and shall submit in writing a report showing in what manner the defendant has violated the conditions of release . . . ."

The statute clearly allows the district court to *sua sponte* issue a warrant for a violation of a defendant's probation at any time during probation. The fact that the proceedings were initiated by the court services officer filing a motion and affidavit with the court setting out the ways that Wonders had violated the conditions of his probation did not deprive the district court of jurisdiction.

The district court held as much when it stated in part:

"I think that if there 's authority [for a court services officer] to make a warrantless arrest, submit a statement on which a hearing can be held following arrest. Then there is clear authority to request a warrant through affidavit ahead of time of the arrest. Probation officers are arms of the court. They are entitled to seek enforcement of the court's orders, in the Court's opinion."

We agree with the district court. To interpret the statute as Wonders requests that we do would defy reason and common sense, and we decline to do so.

Neither is *Malbrough* authority for prohibiting a court services officer from initiating a revocation proceeding by informing a court of a defendant's purported probation violation prior to the issuance of an arrest warrant. The issue in *Malbrough* was whether a county attorney was authorized to initiate revocation proceedings when not specifically authorized to do so by the provisions of K.S.A. 22-3716. A panel of this court determined that K.S.A. 22-3716 does

not limit the authority of a county attorney to initiate probation revocation proceedings. *State v. Malbrough*, 5 Kan. App. 2d 295, Syl. ¶ 2. This court did not limit the initiating of revocation proceedings solely to county or district attorneys. Likewise, we hold that K.S.A. 22-3716 does not limit the authority of a court services officer to initiate probation revocation proceedings.

Furthermore, we find it significant that Wonders has failed to state how he was prejudiced by the procedure followed in this case. Wonders was present at the revocation hearing and represented by counsel. He had the opportunity to meet the accusations against him and to present evidence on his behalf. His claim of a due process violation is without merit.

Wonders further claims that the district court was without jurisdiction to conduct proceedings to revoke his probation because his probation had expired before the bench warrant was issued. As authority for this claim, he relies on K.A.R. 44-6-120, which permits the Department of Corrections to establish a 360-day year for the calculation of good time credits. Wonders fails to cite any authority that would support the application of K.A.R. 44-6-120 to determine the length of the period of probation. The period of probation ordered by a district court is not affected by good time credits.

This court has used calendar years in determining the timeliness of revocation proceedings. See *Williams*, 20 Kan. App. 2d at 143, 148 (January 17, 1991, was within 5 years of January 17, 1986). Similarly, in the instant case, April 3, 1998, was within 3 years of April 4, 1995. The district court had jurisdiction to revoke Wonders' probation.

Finally, Wonders claims he was denied due process by the 2-year delay between his probation violation and the initiation of the revocation proceedings.

Wonders first cites *State v. Williams*, 20 Kan. App. 2d 142, 143, 884 P.2d 743 (1994), in which the State filed a motion to revoke probation on the day probation expired. While the motion to revoke was timely, we found the delay in amending the motion was unreasonable where probation was revoked on grounds alleged only in the amended motion, where the amended motion was filed

9 months after the timely motion, and where the State took no action for another 18 months after filing the amended motion. 20 Kan. App. 2d at 144, 151.

*Williams*, then, did not deal with the period between the violation of probation and the institution of revocation proceedings. The error found in *Williams* did not occur in this case, where less than 2 months passed between the bench warrant and the revocation hearing.

The cases cited by Wonders which dealt with the period at issue here are distinguishable. In *United States v. Tyler*, 605 F.2d 851, 852 (5th Cir. 1979), the court held a delay of up to 2 years and 3 months between violations of probation and the initiation of probation revocation proceedings was fundamentally unfair. In *Tyler*, however, the probation officer failed to include the probation violations in a first revocation petition. Only after revocation was denied did the probation officer file a second petition and allege the violations in issue. The *Tyler* court found the delay was unreasonable when coupled with the probation officer's decision not to file the charges in the first petition. See 605 F.2d at 852-53.

In *United States v. Hamilton*, 708 F.2d 1412, 1414 (9th Cir. 1983), a defendant failed to report for weekend detention and then, even though his probation officer did not consider the breach to be significant, petitioned to reschedule the remaining portion of his sentence. Nearly 3 years later, a new probation officer charged the defendant with violating the terms of his probation. 708 F.2d at 1414. The court concluded: "at some point . . . violations of which the district court has been apprised and upon which the [defendant] has sought corrective action become stale or are waived as a basis for revoking probation." 708 F.2d at 1415.

*Tyler* and *Hamilton*, therefore, do not establish that delay in itself is a due process violation. See *U.S. v. Sanchez*, 30 F. Supp. 2d 595, 599 (E.D. N.Y. 1998). Each case contained another factor—waiver of the violation by the government. Here, in contrast, Wonders complains only of delay. Wonders, in addition, does not show prejudice. See *Sanchez*, 30 F. Supp. 2d at 599 (the delay must undermine the defense). Given Wonders makes no such

showing, we conclude the district court did not err in revoking his probation.

Affirmed.